IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kendall Baccus, #355137, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 2:17-cv-1334-BHH |
| v. | ) | |
| | ) | |
| Willie Eagleton, *Evans Correctional Institution*, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner Kendall Baccus's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On August 28, 2017, Respondent filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised Petitioner of the summary judgment procedure and the need for him to file a response to the motion. Notwithstanding the specific instructions in the *Roseboro* order, Petitioner failed to respond to Respondent's motion. Thus, on October 23, 2017, the Magistrate Judge gave Petitioner additional time and ordered him to advise the Court whether he wished to continue with this action and to respond to Respondent's motion. The Magistrate Judge specifically instructed Petitioner that this action would be dismissed for failure to prosecute if he did not respond. Petitioner did not respond.

Accordingly, on November 1, 2017, the Magistrate Judge filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court

summarily dismiss this § 2254 petition with prejudice for failure to prosecute, in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. Attached to the Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that this case is subject to dismissal based on Petitioner's failure to comply with the Court's orders and prosecute his case.

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 25) and dismisses this action with prejudice for failure to prosecute, in accordance with

Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
Bruce Howe Hendricks
United States District Judge

November 20, 2017
Charleston, South Carolina

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.